**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REMO SARACENI
1007 Milmont Ave.
Swathmore, PA 19081
                              Plaintiff,

        v.

THREESIXTY GROUP, INC.
7755 Irvine Center Drive, Suite 100
Irvine, CA 92618

and

MERCHSOURCE, LLC
7755 Irvine Center Drive, Suite 100
Irvine, CA 92618
                              Defendants

CIVIL ACTION
NO.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Remo Saraceni brings his claims against Defendants ThreeSixty Group, Inc. and

MerchSource, LLC for injunctive relief, damages, and other appropriate relief arising out of their

violations of the Lanham Act, 15 U.S.C. §1125(a) and (c), §1114(1) and §1125(a)(1)(B) as well

as their State right of publicity violation, breach of contract, common law unfair competition,

State unfair trade practices, unjust enrichment, dilution and tortious interference with contractual

relations.

**Parties, Jurisdiction and Venue**

1.      Plaintiff, Remo Saraceni is an individual United States citizen and citizen of

Pennsylvania having a principal place of business at 1007 Milmont Ave, Swathmore, PA 19081

(hereinafter referred to as "Saraceni" or "Plaintiff").

2.      On information and belief, Defendant, ThreeSixty Group, Inc. is a California corporation having a principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine CA 92618 (sometimes referred to hereinafter as "ThreeSixty Group").

3.      On information and belief, Defendant, MerchSource, LLC is a California limited liability company and wholly owned subsidiary of ThreeSixty Group having a principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine CA 92618 (sometimes referred to hereinafter as "MerchSource").  ThreeSixty Group, Inc. and MerchSource, LLC shall hereinafter be referred to together as Defendants.

4.      This Court has personal jurisdiction over both Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in Pennsylvania, including in this District.  Among other things, Defendants have regularly and intentionally done business in this District including shipping into and selling infringing product in this District.

5.      This Court has subject matter jurisdiction over these claims by virtue of the Lanham Act, 15 U.S.C. Sections 1051-1141, and particularly on the basis of 15 U.S.C. § 1121, as well as pursuant to 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1338 (jurisdiction over civil actions arising under the Trademark Act and supplemental claims of unfair competition) and 28 U.S.C. §1367 (Supplemental Jurisdiction).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), (b) and (c) because Defendants transact business in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District and by virtue of this Court having personal jurisdiction over Defendants.

**Background**

7.     As more fully set forth below, this is an action for: (I) federal unfair competition and false designation of origin under 15 U.SC. §1125(a); (II) federal trade dress infringement under 15 U.SC. §1125(a);  (III) federal trademark infringement under 15 U.SC. § 1114(1); (IV) federal false advertising under  15 U.S.C. § 1125(a)(1)(B); (V) violation of right of publicity under 42 Pa. Cons. Stat. § 8316; (VI)  breach of contract; (VII) common law unfair competition; (VIII) unfair trade practices under 73 P.S. §201-1 et seq.; (IX) unjust enrichment; (X) federal dilution under15 U.SC. §1125(c); (XI) tortious interference with contractual relations.

8.     This action is based on Defendants' unlawful "passing off," infringement and violation of Plaintiff's rights in the iconic "Big Piano" featured in the movie "Big", resulting in deception and confusion of the public as to the source of Defendants' goods and services.

**The "Big Piano"**

9.     Remo Saraceni ("Saraceni") is the world-renowned creator of the "Big Piano" popularized by the famous scene in the 1988 movie "Big" in which Tom Hanks dances to "Chopsticks" on an oversized piano in New York City's FAO Schwarz toy store.   People magazine referred to the Remo Sarceni's "Big Piano" as an "icon" in the film:



3

10.    Saraceni first designed his Big Piano in 1982 in his Philadelphia studio and by 1983 Saraceni and his Big Piano had received national recognition being featured in major newspapers, magazines, radio, and television.

11.    This publicity led NYC based toy-store FAO Schwarz to place an order with Saraceni for a series of his Big Pianos and the setting up of a showroom inside the FAO Schwarz flagship store on Fifth Avenue to display the Big Piano.

12.    The Big Piano with its distinctive design quickly became a major attraction and draw for FAO Schwarz customers.

13.    In 1984 Anne Spielberg and Gary Ross, who had just started writing the screenplay for "Big" saw the Big Piano at FAO Schwarz and were instantly impressed and thought it perfect for a pivotal scene in the movie.

14.    The Big Piano was featured in one of the film's key scenes and People Magazine referred to it as an "icon" in the film.

15.    Saraceni is given credits in the film as the creator of the Big Piano.

16.    Continuously since 1982, Saraceni has extensively promoted and commercialized the Big Piano and his creatorship of the Big Piano including through installations of his Big Piano in thousands of museums, children's hospitals and other public spaces all over the world.

17.    Saraceni's Big Piano has been enjoyed by 150 million people and has achieved a high level of fame.

18.    The Big Piano has for thirty six years and continues to receive national recognition being featured in countless articles, news stories and similar pieces and on current major television shows such as the Simpsons and films such as The Night Before and TV

commercials for Mastercard and Capital One as well as in several Youtube videos receiving a combined almost 10 million views.

19.     As a result of Saraceni's efforts, the Big Piano has become synonymous with Remo Saraceni and the public has come to identify the overall non-functional look, appearance and design elements of the Big Piano, and association of the Big Piano, and the marketing surrounding the Big Piano  (the "Big Piano Trade Dress") as identifying its creator and source, Remo Saraceni.

20.     In other words, the Big Piano has acquired distinctiveness and secondary meaning as identifying a single source- Saraceni- and remains distinctive, immediately recognizable and inextricably linked to Saraceni identity, celebrity and likeness.

21.     Further, since at least as early as 2008, Saraceni has continuously and extensively used and promoted the mark BIG PIANO in connection with pianos, which mark has become distinctive and acquired secondary meaning as identifying Remo Saraceni as the source of the piano products promoted under the BIG PIANO mark.

22.     Saraceni is also the owner of U.S. Trademark Reg. No. 5,349,746 for BIG PIANO for keyboard instruments; electronic musical keyboards and piano keyboards, which registration is valid and legally subsisting (collectively all common law and registered rights in the BIG PIANO mark shall be referred to as the "BIG PIANO Marks").

### Remo Saraceni's Big Piano and History with FAO Schwarz

23.     For its part FAO Schwarz has benefited for many years from the reputation and goodwill of Remo Saraceni and from the Big Piano Trade dress and the BIG PIANO Marks by

making the Big Piano a centerpiece of its toy store and a major draw for customers from the around the world.

24.     Between 1982 and 2015, FAO Schwarz, with the permission of Saraceni, extensively utilized the reputation, goodwill and celebrity of Saraceni and the Big Piano Trade Dress and the Big Piano Marks by maintaining an installation of the Big Piano at its New York City flagship which is shown by the below photograph taken in 2015:



25.     On information and belief, FAO Schwarz's relationship with Remo Saraceni and use of the Big Piano Trade Dress and the BIG PIANO Marks has resulted in many millions of dollars of revenues for the toy store.

26.     However, on or about July 15, 2015 FAO Schwarz announced that it was closing its Fifth Avenue store.

27.     On information and belief, in October 2016 Defendant ThreeSixty Group purchased the FAO Schwarz brand with plans to reopen a flagship FAO Schwarz toy store in NYC.

28.     In October 2016 Saraceni was contacted by Defendants and entered into negotiations regarding Defendants utilizing Saraceni's Big Piano, the Big Piano Trade Dress and

the BIG PIANO Marks in connection with FAO Schwarz, which was reopening its flagship store in NYC's Rockefeller Plaza.

29.     During the course of these negotiations, Defendants agreed that they  would, *inter alia*, "not use the trademark BIG PIANO in commerce in connection with pianos, toy pianos, piano playmats, electronic keyboards, or any other item that would infringe Remo Saraceni's trademark rights without a prior written agreement" or "advertise, market or knowingly create an association between current or future products sold under the FAO Schwarz brand and Remo Saraceni or the BIG PIANO trademark without the prior written agreement of Remo Saraceni."  See Affidavit of MerchSource, LLC attached hereto as Exhibit A.  As a token of good faith during the negotiations, however, Saraceni provided Defendants with a Big Piano for their temporary retail and trade shows before the flagship launch.

30.     Thereafter, Defendants abruptly ceased negotiations with Saraceni without obtaining permission or agreement from him to utilize the Big Piano or any rights related to the Big Piano.

**Defendants Infringement and Unlawful Activity**

31.     On November 16, 2018 FAO Schwarz reopened its flagship NYC with a confusingly similar imitation of the Big Piano prominently displayed in the store and selling knock-off version piano mats and has since been marketing themselves and creating an overall appearance and association with Plaintiff and the Big Piano and Plaintiff's rights associated therewith , thereby causing consumer confusion as to the imitation pianos being the Big Piano or Defendants' activities otherwise being affiliated or associated with Remo Saraceni.

32.     Since reopening FAO Schwarz Defendant ThreeSixty Group has promoted "[t]hat Big piano is Back" thereby falsely stating that the newly opened FAO Schwarz included Saraceni's Big Piano.    See e.g. Exhibit B.

33.     Egregiously, Defendants' website has an advertising video promoting its brand and products stating: "we're known four our Big Piano."

34.     On information and belief, Defendants have been referring to the replica piano in its store as the Big Piano to customers and to press, causing or otherwise allowing newspapers such as the New York Times to report that "The Big Piano is back, and not much else" and otherwise misleading customers and trading off of the goodwill and reputation of Saraceni and his Big Piano and infringing the Big Piano Trade Dress and the BIG PIANO Marks.

35.     For example, retailers such as Bed Bath & Beyond have marketed FAO Schwarz branded piano mats as the "Big Piano Dance Mat from FAO Schwarz."

36.     Defendants have intentionally done other acts to create a false association with the Saraceni's Big Piano, for example, by having its employees dance on the imitation piano wearing the same red converse sneakers popularized by the Broadway production of "Big" which featured dancers in red converse sneakers dancing on the Big Piano:



thereby perpetuating the false illusion that the piano in the FAO Schwarz store is actually the Big Piano.

37.     The above acts by Defendants have affected interstate commerce.

38.     The above acts of Defendants were done without the permission or license of Saraceni.

39.     On information and belief, the above acts of Defendants have been done willfully, wantonly and deliberately in conscious disregard for Saraceni's rights.

40.     Saraceni has suffered damage from the above acts.

41.     Defendants activities as described herein are causing Saraceni immediate and irreparable harm and will continue to cause such damage unless enjoined by this Court.

## FIRST CAUSE OF ACTION FOR FEDERAL FALSE DESIGNATION AND UNFAIR COMPETITION

42.     All of the preceding paragraphs 1-41 are incorporated herein by reference the same as if set forth at length.

43.     Defendants' actions, as set forth herein and above, constitute unlawful "passing off" of Plaintiff's reputation, products and services as well as use of a confusingly similar name and trade dress, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Upon information and belief, in engaging in the wrongful acts described above, Defendants have misrepresented and/or attempted to misrepresent and deceive the nature, characteristics and qualities of its goods and services and/or have engaged in acts which are likely to deceive the consuming public into believing that Defendants' products, services and activities are Plaintiff's, or are authorized, endorsed, sponsored or approved by Plaintiff, or vice versa.

9

45.     Defendants have "passed off" Plaintiff's reputation, likeness, goods and services by (a) using the Big Piano Trade Dress (as described above and further in Count II) and/or a trade dress, image and overall appearance that is confusingly similar to the Big Piano Trade Dress in connection with the marketing, promotion and sale of goods and services at and through FAO Schwarz and otherwise under the FAO brand; (b) by intentionally using the BIG PIANO Marks and/or marks, names, designations and devices confusingly similar to the BIG PIANO Marks; and (c)  by engaging in a pattern of activity to mislead the public including the press and customers as to the true nature of Defendants' goods and services.

46.     Defendants' conduct is also resulting in Defendants "passing off" their goods and services and activities as genuine Big Piano products and services depriving Plaintiff of the value of its trade dress, name, reputation and goodwill and resulting in unjust gains for Defendants.

47.     The above acts of Defendants were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to Plaintiff, and made with full knowledge of Plaintiff's rights.

48.     The above acts by Defendants have affected interstate commerce.

49.     The above acts of Defendants were done without the permission or license of Plaintiff.

50.     On information and belief, actual confusion of consumers, the public and others has resulted from Defendants' actions.

51.     Defendants' activities as described herein are causing Plaintiff immediate and irreparable harm and will continue to damage Plaintiff unless enjoined by this Court.

52.     Plaintiff has suffered damage from the above acts.

## SECOND CAUSE OF ACTION FOR TRADE DRESS INFRINGEMENT

53.     All of the preceding paragraphs 1-52 are incorporated herein by reference the same as if set forth at length.

54.     Defendants' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. §1125(a).

55.     The Big Piano Trade Dress is unique and distinctive as to the source of Plaintiff's Big Piano and has acquired secondary meaning because consumers associate Plaintiff as the only source of goods and services provided under the Big Piano Trade Dress.

56.     The Big Piano Trade Dress is non-functional.

57.     Defendants' use in commerce of the Big Piano Trade Dress and/or a trade dress, image and overall appearance that is confusingly similar to the Big Piano Trade Dress without Plaintiff's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants' products, services and activities are Plaintiff's, or are authorized, endorsed, sponsored or approved by Plaintiff, or vice versa.

58.     Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the Big Piano Trade Dress and/or a trade dress, image and overall appearance that is confusingly similar to the Big Piano Trade Dress to which they are not entitled to in law or equity.

59.     The above acts of Defendants were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to Plaintiff, and made with full knowledge of Plaintiff's trade dress rights.

60.     The above acts by Defendants have affected interstate commerce.

61.     The above acts of Defendants were done without the permission or license of Plaintiff.

62.     On information and belief, actual confusion of consumers, the public and others has resulted from Defendants' actions.

63.     Defendants' activities as described herein are causing Plaintiff immediate and irreparable harm and will continue to damage Plaintiff unless enjoined by this Court.

64.     Plaintiff has suffered damage from the above acts.


**THIRD CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT**

65.     All of the preceding paragraphs 1-64 are incorporated herein by reference the same as if set forth at length.

66.     Defendants' conduct as described herein violates 15 U.S.C. § 1114(1).

67.     Plaintiff owns U.S. Trademark Reg. No. 5,349,746 for BIG PIANO for keyboard instruments; electronic musical keyboards; piano keyboards.

68.     The registration for BIG PIANO is valid and subsisting on the Principal Register of the United States Patent and Trademark Office.

69.     Defendants' unauthorized use in commerce of the registered BIG PIANO Marks as described above in connection with its goods, services, and activities is likely to cause confusion and mistake and to deceive the public as to source of Defendants' goods, services, and activities and mislead the public into believing that Defendants' products, services, and activities emanate from or are approved, sponsored or endorsed by Plaintiff, or vice versa.

70.     The above acts of Defendants were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to Plaintiff, and made with full knowledge of Plaintiff's rights in the registered BIG PIANO Marks.

71.     The above acts by Defendants have affected interstate commerce.

72.     The above acts of Defendants were done without the permission or license of Plaintiff.

73.     On information and belief, actual confusion of consumers, the public and others has resulted from Defendants' actions.

74.     Defendants' activities as described herein are causing Plaintiff immediate and irreparable harm and will continue to damage Plaintiff unless enjoined by this Court.

75.     Plaintiff has suffered damage from the above acts.


**FOURTH CAUSE OF ACTION FOR FALSE ADVERTISING**

76.     All of the preceding paragraphs 1-75 are incorporated herein by reference the same as if set forth at length.

77.     Defendants' conduct as described herein violates 15 U.S.C. § 1125(a)(1)(B).

78.     On information and belief, Defendants have used in connection with its goods, services and activities in interstate commerce false or misleading descriptions and/or representations of fact that in commercial advertising and promotion misrepresent the nature, characteristics and/or qualities of its goods, services, and activities and/or Plaintiffs' goods, services or activities.

79.     Defendants' statements on its Facebook Page, and on information and belief, to the press and by employees to customers stating or implying that "the Big piano is back," for

example, are false to the extent that they state, and are misleading to the extent that they imply, that Defendants' goods, services, and activities are Plaintiff's authentic Big Piano goods, services, and activities.

80.     On information and belief, the Defendants' misleading and false statements have actually deceived, misled and confused and/or have had the tendency to deceive, mislead and confuse a substantial portion of the intended audience and have been material in that they have adversely influenced purchasing decisions.

81.     Plaintiff has likely been injured and damaged and/or has been injured and damaged as a result of Defendants' false or misleading statements in terms of loss of customers and damage to reputation, good will and the distinctiveness of Plaintiff's goods, services, and rights associated therewith.

82.     The aforesaid conduct of Defendants is causing immediate and irreparable damage to Plaintiff, including but not limited to Plaintiff's image, good will, relationships with potential and actual customers and will continue to damage Plaintiff unless enjoined by this Court.


**FIFTH CAUSE OF ACTION FOR VIOLATION OF RIGHT OF PUBLICITY**

83.     All of the preceding paragraphs 1-82 are incorporated herein by reference the same as if set forth at length.

84.     Defendants' conduct as described herein violates 42 Pa. Cons. Stat. § 8316.

85.     Through their display, use, marketing and sale of an imitation Big Piano and use of a trade dress, image and overall appearance that is confusingly similar to the Big Piano Trade Dress, Defendants have misappropriated Plaintiff's identity.

14

86.     Defendants did not obtain Plaintiff's authorization or consent for use of his likeness or otherwise in any way to any act that creates an association with Plaintiff.   Nor have Defendants compensated or credited Plaintiff for their use of his likeness.

87.     As the creator of the Big Piano, Plaintiff who is a natural person exploits his identity by operating a business based on his being the creator of the Big Piano and has profited including by licensing his likeness and rights in the Big Piano and otherwise promoting his business through his celebrity as being the creator of the Big Piano.  Accordingly, Plaintiff's likeness has commercial value.

88.     Plaintiff has been injured and damaged as a result of Defendants' exploitation of his identity as he has been prevented from reaping the profits of licensing his likeness to Defendants and in terms of loss of customers and damage to reputation, goodwill and damage to the distinctiveness of Plaintiff's likeness.

89.     The aforesaid conduct of Defendants is causing immediate and irreparable damage to Plaintiff, including but not limited to Plaintiff's image, goodwill, relationships with potential and actual customers and will continue to damage Plaintiffs unless enjoined by this Court.

## SIXTH CAUSE OF ACTION FOR BREACH OF CONTRACT

90.     All of the preceding paragraphs 1-89 are incorporated herein by reference the same as if set forth at length.

91.     As more specifically described above,  Defendants entered into the Affidavit of Merchsource, LLC in which Defendants agreed that they would, *inter alia*, "not use the trademark BIG PIANO in commerce in connection with pianos, toy pianos, piano playmats,

electronic keyboards, or any other item that would infringe Remo Saraceni's trademark rights without a prior written agreement" or "advertise, market or knowingly create an association between current or future products sold under the FAO Schwarz brand and Remo Saraceni or the BIG PIANO trademark without the prior written agreement of Remo Saraceni." See Affidavit of MerchSource, LLC attached hereto as Exhibit A.

92.     As set forth above, Defendants have not performed in accordance with their agreement including because they have used the BIG PIANO Marks in commerce and have otherwise advertised, marked and knowingly created an association between products sold under the FAO Schwarz brand and Remo Saraceni and the BIG PIANO Marks.

93.     Therefore, Plaintiff asserts that Defendants have breached their Agreement, and damaged Plaintiff.


**SEVENTH CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION**

94.     All of the preceding paragraphs 1-93 are incorporated herein by reference the same as if set forth at length.

95.     This Court has jurisdiction for this claim of unfair competition under 28 U.S.C. § 1338.

96.     By virtue of Defendants' acts herein above pleaded, Defendants have engaged in unfair competition with Plaintiff.

97.     Defendants' conduct was intentional and willful.

98.     Plaintiffs have suffered damage.

99.     Plaintiffs have suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

**EIGHTH CAUSE OF ACTION FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES UNDER 73 P.S. §201-1 ET SEQ.**

100.     All of the preceding paragraphs 1-99 are incorporated herein by reference the same as if set forth at length.

101.     By virtue of Defendants' acts herein above pleaded, Defendants have violated 73 P.S. §201-1 et seq.

102.     Defendants' conduct was intentional and willful.

103.     Plaintiffs have suffered damage.

104.     Plaintiffs have suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.


**NINTH CAUSE OF ACTION FOR UNJUST ENRICHMENT**

105.     All of the preceding paragraphs 1-104 are incorporated herein by reference the same as if set forth at length.

106.     By virtue of Defendants' acts herein above pleaded, Defendants have benefited at Plaintiff's expense, and have or will become unjustly enriched.

107.     Plaintiff will suffer an injustice if Defendants are allowed to retain the substantial benefits received without providing restitution to Plaintiff.


**TENTH CAUSE OF ACTION FOR DILUTION**

108.     All of the preceding paragraphs1-107 are incorporated herein by reference the same as if set forth at length.

109.     Defendants conduct as described herein violates 15 U.SC. §1125(c).

110.    The BIG PIANO Marks and the Big Piano Trade Dress are individually and collectively famous in the United States and worldwide.

111.    The BIG PIANO Marks and the Big Piano Trade Dress were famous in the United States and worldwide prior to Defendants' past, present, and future use of any goods, services, or activities in connection with the BIG PIANO Marks and the Big Piano Trade Dress, which use injures and will injure the business reputation that Plaintiff enjoys, and impairs, diminishes, and trades on the BIG PIANO Marks and the Big Piano Trade Dress, which identify Big Piano's goods and services.

112.    Defendants' conduct injuries and dilutes, or is intended to injury and dilute, Plaintiff's reputation and the distinctive quality of the BIG PIANO Marks and the Big Piano Trade Dress.

113.    The aforesaid conduct of Defendants is causing immediate and irreparable damage to Plaintiff, including but not limited to Plaintiff's image, goodwill, relationships with potential and actual customers and will continue to damage Plaintiffs unless enjoined by this Court.

### ELEVENTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS

114.    All of the preceding paragraphs 1-113 are incorporated herein by reference the same as if set forth at length.

115.    Plaintiff had the reasonable likelihood or probability of entering into contractual relationships with certain companies and firms regarding the possible purchasing or licensing of the rights associated with the Big Piano.

116.    Defendants had the purpose or intent to harm Plaintiff by the acts complained of herein which may have and did prevent Plaintiff from acquiring and entering into contractual

relationships with current or prospective business partners by providing false or misleading information to prospective customers regarding Defendants' association with Plaintiff and Plaintiff's rights in the Big Piano.

117.   Plaintiff has suffered actual damages as a direct and proximate result of Defendants' actions as set forth herein.

## PRAYER FOR RELIEF

A.   An Order, pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product or service (including, but not limited to, any type of piano mat  product) or engaging in any activity that infringes Plaintiff's Big Piano Trade Dress or Plaintiff's BIG PIANO Marks;

B.   An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any act of unfair competition utilizing any trade dress or trademark or service mark that is

identical or confusingly similar to Plaintiff's Big Piano Trade Dress or Plaintiff's BIG PIANO Marks.

      C.     An Order permanently enjoining and restraining Defendants, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from utilizing any trade dress or trademark or service mark that is identical or confusingly similar to Plaintiff's Big Piano Trade Dress or Plaintiff's BIG PIANO Marks or from engaging in any further acts of false adverting involving false or misleading statements implying or suggesting an association with Plaintiff or the Big Piano.

      D.     An Order directing Defendants to remove the Big Piano Trade Dress and BIG PIANO Marks, or any colorable imitation(s) thereof, from all of Defendants' products, as well as from any websites or promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion and control;

      E.     An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendants' possession, custody, and control that infringes Defendants' exclusive rights in and to the Big Piano Trade Dress and the BIG PIANO Marks;

      F.     An Order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.      An Order directing an accounting to determine Defendants' profits resulting from their unlawful activities;

H.      An Order awarding Plaintiff compensation for any and all damages, injury or harm including but not limited to pursuant to 15 U.S.C. § 1117, and Pennsylvania law;

I.      An Order directing Defendants to pay, jointly and severally, full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendants as a result of its wrongful conduct including but not limited to pursuant to 15 U.S.C. § 1117;

J.      An Order awarding Plaintiff treble damages resulting from Defendants' willful and intentional conduct including but not limited to pursuant to 15 U.S.C. § 1117 and under Pennsylvania law;

K.      An Order awarding Plaintiff punitive and exemplary damages as permitted by Pennsylvania Law.

L.      An Order awarding Plaintiff pre-judgment interest;

M.      An Order awarding Plaintiff its reasonable costs and attorneys fees, and a Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117; and

N.      An Order awarding Plaintiff any further relief this Court shall deem just and equitable.

Respectfully submitted,

__s/Michael C. Petock_____
MICHAEL C. PETOCK, ESQUIRE
Attorney ID No. 93,692
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 217
Valley Forge, PA 19481
Telephone No. (610) 935-8600
mp@petocklaw.com
Counsel for Plaintiff Remo Saraceni

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

   s/Michael C. Petock
MICHAEL C. PETOCK, ESQUIRE
Attorney ID No. 93,692
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 217
Valley Forge, PA 19481
Telephone No. (610) 935-8600
mp@petocklaw.com
Counsel for Plaintiff Remo Saraceni